UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRISTAN J. HANLEY,

        Plaintiff,

v.                                                      Case No.: 6:24-cv-319-WWB-LHP

WAL-MART STORES EAST, LP,

        Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 12) and Plaintiff's Response (Doc. 15).[1]

**I.    BACKGROUND**

Plaintiff, Tristan J. Hanley, was employed by Defendant Wal-Mart Stores East, LP ("**Walmart**") from December 4, 2004, through August 29, 2022.  (Doc. 1, ¶ 10).  Plaintiff alleges that in February 2022, Gilberto Garcia became Plaintiff's manager.  (*Id.* ¶ 22).  Plaintiff alleges that Garcia, who is Hispanic, treated all non-Hispanic employees differently from Hispanic employees.  (*Id.*).  Plaintiff is a white male.  (*Id.* ¶ 8).  Plaintiff alleges that he reported Garcia's "racial bias" to the Operations Manager, but that individual failed to take any action.  (*Id.* ¶ 23).  Thereafter, Defendant terminated Plaintiff's employment.  (*Id.* ¶ 24).  As a result, Plaintiff brings two claims against Defendant for

---

[1] Plaintiff's Response fails to comply with the Court's January 13, 2021 Standing Order.  In the interests of justice, the Court will consider the Response, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in striking or denial of filings without further notice or leave to refile.

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. § 2000e *et seq.* (*See generally id.*).

## II.     LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "naked assertions devoid of further factual enhancement" are insufficient. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.  DISCUSSION

As to Count I, Walmart contends that the Complaint fails to plausibly suggest intentional discrimination because Plaintiff fails to make any specific allegations of fact or to allege that a similarly situated individual was treated less favorably.  "To establish intentional discrimination based on circumstantial evidence, this Court analyzes ADEA and Title VII claims under the *McDonnell Douglas* burden-shifting framework." *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)).  "To withstand a motion to dismiss . . . a plaintiff asserting discrimination under ADEA or Title VII need not allege specific facts establishing a prima facie case of the employer's liability." *Id*. (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002)).  "Rather, to avoid dismissal, a plaintiff's complaint must provide enough factual matter to plausibly suggest intentional discrimination." *Johnson v. Walt Disney Parks & Resorts U.S., Inc.*, No. 6:19-cv-2139-Orl, 2020 WL 10354021, at *2 (M.D. Fla. May 12, 2020) (internal quotations omitted) (quoting *Buchanan v. Delta Airlines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018)).

Though the Complaint does sufficiently describe Plaintiff as a member of a class protected by law on account of his race, (Doc. 1, ¶¶ 8–16, 21), it does not sufficiently plead discriminatory treatment nor disparate treatment.  At best, the Complaint rests on the broad assertion that Plaintiff's new manager "treated all non-Hispanic employees differently from Hispanic employees," (*id.* ¶ 22), which Defendant failed to "promptly correct" before terminating Plaintiff, (*id.* ¶ 31).  But Plaintiff's blanket claim of different treatment is not supported by "factual allegations that, taken as true, 'plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial

3

discrimination.'" *Horace v. ARIA*, No. 23-12414, 2024 WL 1174398, at *4 (11th Cir. Mar. 19, 2024) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)). The Complaint does not allege a specific instance Garcia engaged in discriminatory conduct, does not identify how Defendant should have reasonably noticed this conduct, and does not allege how the treatment differed between Hispanic and non-Hispanic employees. Instead, it mirrors allegations that the Eleventh Circuit has held does not "raise a right to relief above the speculative level." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (holding that the plaintiffs' claims merely alleging they were "denied promotions and treated differently" than others similarly situated because of race "epitomizes speculation"); *see also Carbone v. Tri-Town Constr. L.L.C.*, No. 2:24-cv-187, 2024 WL 3377740, at *3–4 (M.D. Fla. July 11, 2024) (dismissing without prejudice a claim of discrimination for plaintiff's "failure to provide enough facts that others outside their protected classes were treated more favorably"). On this basis alone, Count I can be dismissed.

Defendant also argues that the Complaint fails to plausibly allege discrimination under the *McDonnell Douglas* framework because it does not allege comparators who are similarly situated to Plaintiff. (Doc. 12 at 6). However, the *McDonnell Douglas* framework is not the only applicable test for proving Title VII discrimination claims. *Bailey v. Metro Ambulance Servs., Inc.*, 992 F.3d 1265, 1273 n.1 (11th Cir. 2021) ("[T]he 'convincing mosaic' analysis is an alternative to the *McDonnell Douglas* framework for a plaintiff to satisfy her burden to show on circumstantial evidence that her employer discriminated against her."). Moreover, it is not clear Plaintiff is required to plead a comparator. *Davis v. Mia.-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *2 (11th Cir.

4

Sept. 5, 2024) ("[N]either *McDonnell Douglas* nor 'convincing mosaic' is a pleading standard that should be used at the Rule 12(b)(6) stage."). Accordingly, the Court need not decide the issue of comparators at this juncture.

As to Count II, Walmart argues the Complaint fails to allege either a protected activity or a causal connection between that activity and Plaintiff's termination, and thus should also be dismissed. (Doc. 12 at 8). Under Title VII, a prima facie case of retaliation involves a showing from the plaintiff that "(1) [he] engaged in statutorily protected expression; (2) [he] suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity." *Webb-Edwards v. Orange Cnty. Sheriff's Off.*, 525 F.3d 1013, 1028 (11th Cir. 2008), *abrogated on other grounds by Muldrow v. City of St. Louis*, 601 U.S. 346 (2024).[2] But, as said earlier, Plaintiff's Complaint needs only "provide enough factual matter to plausibly suggest" a claim of retaliation to satisfy the pleading standard. *Johnson*, 2020 WL 10354021, at *2.

Plaintiff alleges that he reported his concerns about Garcia to an Operations Manager at some point before his termination, but no action was taken. (*Id.* ¶ 23). Assuming this allegation is true and construing it in a light most favorable to Plaintiff, the Complaint only establishes Plaintiff was fired after reporting his concerns. But causation "requires more than some sort of temporal proximity between the employee's complaints and the adverse employment action." *McCreight v. Auburn Bank*, No. 22-12577, 2024 WL 4232440, at *12 (11th Cir. Sept. 19, 2024). For a causal connection to exist, "a plaintiff

---

[2] In 2024, the Supreme Court abrogated *Webb*'s holding that an adverse employment action must be a "serious and material change in the terms, conditions, or privileges of employment." *Muldrow*, 601 U.S. at 353 n.1. It did not, however, abrogate the Eleventh Circuit's holding on the required elements for a prima facia retaliation claim under Title VII.

must show that the decision-maker was aware of the protected conduct." *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 397 (11th Cir. 2012).

Here, Plaintiff "does not identify the individual who made the decision to terminate [him] in h[is] Complaint, and [he] does not allege that the decisionmaker was aware that [he] complained about any discriminatory conduct." *Enadeghe v. Ryla Teleservices, Inc.*, No. 1:08-cv-3551, 2010 WL 481210, at *9 (N.D. Ga. Feb. 3, 2010). "[W]here (as here) there is nothing other than temporal proximity that arguably connects" Plaintiff's complaints to the Operations Manager with his termination, "the temporal proximity must be very close*." Presley v. Gulf Cnty. Sch. Bd.*, 730 F. Supp. 3d 1218, 1230 (N.D. Fla. 2024) (quotation omitted). The complaint lists an approximate time Garcia began to manage Plaintiff, February 2022, as well as the date of Plaintiff's termination from Walmart, August 29, 2022. (Doc. 1 at 5). It does not, however, state when approximately Plaintiff reported Garcia. Without this detail, the Court cannot conclude Plaintiff makes a plausible showing of causation based on temporal proximity alone. As such, Count II also fails.

"A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Plaintiff has neither filed a motion for leave to further amend his pleading nor requested such relief in his Response. Consequently, this Court is not obligated to permit Plaintiff to amend his pleading sua sponte. However, the Court will grant Plaintiff leave to amend to allow corrections of the deficiencies as noted by this Order.

## IV.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. On or before **April 10, 2025**, Plaintiff may file an amended pleading to correct the deficiencies noted in this Order. Failure to timely file an amended pleading may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on March 28, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record